# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:12-CV-00057-JHM**

**BOODNARINE BOODRAM**                                                               **PLAINTIFFS**
**a/k/a MIKE BOOKDRAM, ET AL.**

**V.**

**RONALD GLENN COOMES, PHILMO, INC.,**                           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Attorney Fees [DN 268] and Plaintiffs' Motion to Amend Judgment [DN 270]. Fully briefed, these matters are ripe for decision.

### I. BACKGROUND

This lawsuit followed a failed business deal between Boodnarine ("Mike") Boodram and Ronald Glenn Coomes. In late 2010, Boodram and Coomes engaged in a series of agreements by which Coomes would sell his business, Philmo, Inc. ("Philmo"), to Boodram. The deal fell through by June 2011 and this lawsuit followed. The Court held a bench trial in Bowling Green, Kentucky from March 20 through March 23, 2018. After the trial, both parties submitted Findings of Fact and Conclusions of Law. On November 21, 2018, this Court entered a Judgment [DN 266] finding in favor of Plaintiffs and against Defendant Ron Coomes in the amount of $100,000. Following the entry of judgment, the Plaintiffs filed two timely motions: first, a Motion for Attorneys Fees, and second, a Motion to Amend the Judgment. The Court will address each motion in turn.

### II. MOTION FOR ATTORNEY FEES

The Plaintiffs have moved for attorney fees pursuant to Fed. R. Civ. P. 54(d)(2) and § 10.7 of the Stock Purchase Agreement (the "SPA"). The Sixth Circuit has stated, "Only attorney's fees

provided for by statute or rule are governed by Rule 54(d)(2)(B)." *Clarke v. Mindis Metals, Inc.*, No. 95-5517, 1996 WL 616677, at *28 (6th Cir. Oct. 24, 1996). On the other hand, "In cases where the substantive law provides for the recovery of fees as an element of damages, for instance whenever an attorney's fee provision is contained in a contract and not a statute, no motion need be made under Rule 54(d)(2)(A)." *Id.* at *25

Because the Court did not find Coomes committed any fraud, there is no statute or rule that provides for the recovery of attorney fees, and a motion pursuant to Rule 54(d)(2)(B) is not necessary. However, § 10.7 of the SPA provides as follows:

> 10.7 <u>Attorney Fees</u>. In the event an arbitration, suit or action is brought by any party under this Agreement to enforce any of its term, or in any appeal therefrom, it is agreed that the prevailing party shall be entitled to reasonable attorneys fees to be fixed by the arbitrator, trial court, and/or appellate court.

The Court did not award attorney fees under this contract provision for two reasons. First, Plaintiffs did not bring this suit to enforce the terms of the SPA. Instead, Plaintiffs advanced other claims but not claims based on the SPA. The Court ultimately found the SPA controlling, but despite that finding, the plain language of § 10.7 only allows attorneys fees to be paid to a prevailing party who brought suit to enforce the terms of the SPA. Plaintiffs do not fit into that category. Not only did Plaintiffs not sue to enforce the terms of the SPA, they cannot be considered prevailing parties. While a party need not prevail on all issues to be deemed a prevailing party, the Plaintiffs did not prevail on any of their claims. Yes, the Court awarded a judgment in favor of the Plaintiffs, but considering the claims asserted and the damages sought, a decent argument can be made that the Defendant prevailed in this action, not the Plaintiffs. Therefore, Plaintiffs' Motion for Attorney Fees is **DENIED**.

### III. MOTION TO AMEND JUDGMENT

Fed. R. Civ. P. 59(e) permits a court to "alter or amend" its prior judgment for one of four reasons: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Schlaud v. Snyder*, 785 F.3d 1119, 1124 (6th Cir. 2015) (citations omitted). However, Rule 59(e) is not intended to be used to "'relitigate issues previously considered' or to 'submit evidence which in the exercise of reasonable diligence, could have been submitted before.'" *United States v. Abernathy*, No. 08-20103, 2009 WL 55011, at *1 (E.D. Mich. Jan. 7, 2009) (citation omitted); *see also Elec. Ins. Co. v. Freudenberg-Nok, Gen P'ship*, 487 F. Supp. 2d 894, 902 (W.D. Ky. 2007) ("Such motions are not an opportunity for the losing party to offer additional arguments in support of its position."). Motions to alter or amend judgments under Rule 59(e) "are extraordinary and sparingly granted." *Marshall v. Johnson*, No. 3:07-CV-171, 2007 WL 1175046, at *2 (W.D. Ky. Apr. 19. 2007).

In this case, Plaintiffs ask that the Court amend the judgment in three aspects — to include an award of prejudgment interest, the names of the Plaintiffs, and attorney fees. With respect to attorney fees, the Motion is **DENIED** for the reasons stated above. The Court will consider the other issues below.

#### Prejudgment Interest

Kentucky follows the Restatement when it comes to prejudgment interest. *Nucor Corp v. General Electric Co.*, 812 S.W.2d 136, 144 (Ky. 1991). "If the breach consists of a failure to pay a definite sum of money or render a performance with fixed or ascertainable monetary value, interest is recoverable from the time for performance on the amount due less all deductions to which the party in breach is entitled." Restatement (Second) of Contracts § 354. In other words,

prejudgment interest is awarded on claims involving "an uncontested 'liquidated' amount." *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 119 (Ky. 1988).

Plaintiffs argue that the claim in the underlying case is a liquidated one. Section 1.5 of the SPA states that if the Plaintiffs failed to purchase the remaining shares of Philmo by August 31, 2012, Coomes would be required to re-purchase all stock for one-half of the original price paid. Plaintiffs contend that although "Coomes never explicated [sic] invoked Section 1.5 of the SPA regarding repurchase of Boodram's stock he excluded Boodram from the company a few days before June 19th of 2011." (Mem. in Support of Pls.' Mot. to Amend [DN 270-1] at 2−3)

The Court does not agree that Plaintiffs claimed a liquidated amount. True, if the Plaintiffs had sought to invoke § 1.5 of the SPA, there would have been a calculable demand of one-half the original purchase price paid by Boodram. However, the Plaintiffs insisted that the SPA was not the applicable agreement and spent years arguing instead that a previous Letter of Intent should govern the relationship between the parties, and that the Defendant had committed securities fraud. Therefore, there was never a fixed or ascertainable monetary value. For this reason, the Plaintiffs are not entitled to prejudgment interest.

Because Plaintiffs' damages are not liquidated, prejudgment interest is a matter of discretion. "When the amount is 'unliquidated,' the amount of prejudgment interest, if any, is a matter for the trial court weighing the equitable considerations." *Univ. of Louisville v. RAM Eng'g & Constr., Inc.*, 199 S.W.3d 746, 748 (Ky. Ct. App. 2005). "In exercising its discretion, the trial court may consider 'all the circumstances, including any deficiencies in the performance of the injured party and any unreasonableness in the demands made by him.'" *Ford Contr., Inc. v. Ky. Transp. Cabinet*, 429 S.W.3d 397, 415 (Ky. Ct. App 2014) (quoting *Nucor Corp.*, 812 S.W.2d at 144).

The Court will not award prejudgment interest. After the falling out between the parties, Plaintiffs did not demand that Defendants comply with the terms of the SPA. Rather, they filed this lawsuit asking for damages in excess of fourteen million dollars. This made any possibility of a settlement out of the question for Defendants. For this reason, it would be unjust to award prejudgment interest and this aspect of the Plaintiffs' Motion to Amend is **DENIED.**

### Named Plaintiffs

The following three plaintiffs are included in the lawsuit against Ronald Coomes and Philmo: Boodnarine ("Mike") Boodram, Shelleza Boodram, and Apollo Manufacturing Group, Inc. ("Apollo"). At the conclusion of this case, the Court entered judgment "against Defendant, Ronald Glenn Coomes, in favor of Plaintiffs in the amount of $100,000." As written, this Judgment would be in favor of all three plaintiffs in the lawsuit. However, since judgment was based on the SPA which was only signed by Mike and Shelleza Boodram, the Judgment should be amended so that judgment is only in favor of the Boodrams and not Apollo. Therefore, this aspect of the Motion to Amend is **GRANTED.**

### IV. Conclusion

Accordingly, Plaintiffs' Motion for Attorney Fees is **DENIED**, and Plaintiff's Motion to Amend the Judgment is **GRANTED IN PART**. The Judgment should be amended as follows: IT IS HEREBY ORDERED that consistent with the Memorandum Opinion and Order, judgment is entered against Defendant, Ronald Glenn Coomes, in favor of Plaintiffs Boodnarine Boodram and Shelleza Boodram in the amount of $100,000.00.

*Joseph H. McKinley*

Joseph H. McKinley Jr., District Judge
United States District Court

cc: counsel of record
    Ronald Glenn Coomes, *pro se*

February 28, 2019